# COLLECTIVE EXHIBIT A
# ALL PLEADINGS AND PROCESS FILED
# IN SUMNER COUNTY CIRCUIT COURT

INDEX OF FILES:

1. 1/28/2025 - Complaint

2. 2/3/2025 Summons Returned Not Served - Bryan Morris Individual Capacity

3. 2/3/2025 Summons Returned Not Served – Bryan Morris Official Capacity

4. 2/3/2025 Summons Returned Not Served – Shawn Taylor Official Capacity.

5. 2/3/2025 Summons Returned Served – City of Millersville

6. 2/14/2025 – Order of Recusal by Judge Joe Thompson

7. 2/25/2025 Order Reassigning Case to Judge Nichols

8. 3/5/2025 Summons Returned Not Served – Bryan Morris Official - Capacity

9. 3/5/2025 Summons Returned Not Served – Shawn Taylor - Official Capacity

10. 3/25/2025 Summons Returned Not Served – Shawn Taylor – Individual Capacity

11. 3/28/2025 Notice of Appearance - City of Millersville

Document 1
1/28/2026 - Complaint

IN THE CIRCUIT COURT FOR SUMNER COUNTY, TENNESSEE

| | |
|---|---|
| RAY JUSTICE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    83CC1 - 20 _25_ - CV- _102_ |
| | )    **JURY DEMANDED** |
| CITY OF MILLERSVILLE, | ) |
| TENNESSEE, SHAWN TAYLOR, in his | ) |
| official and individual capacities, and | ) |
| BRYAN MORRIS, in his official and | )    **FILED** _10:30_ A M |
| individual capacities, | ) |
| | )    **JAN 28 2025** |
|     Defendants. | ) |
| |    KATHRYN STRONG, CLERK |
| |    BY_____ D.C. |

## <u>COMPLAINT</u>

Comes now, the Plaintiff, Ray Justice ("Mr. Justice"), by and through counsel, and for his

Complaint against the Defendants, City of Millersville, Tennessee ("Millersville"), Shawn

Taylor, in his official and individual capacities ("Chief Taylor"), and Bryan Morris, in his

official and individual capacities ("Chief Morris"), states as follows:

### I.    NATURE OF ACTION

1.    This case regards the legal effects and injustice of a soft coup perpetrated on an

otherwise unsuspecting, sleepy town in Middle Tennessee. Chief Taylor, a self-described

"gypsy cop" and well-known conspiracy theorist, became obsessed with investigating and

prosecuting purported child pedophilia rings when he was hired by Chief Morris as the Assistant

Chief of Police at the Millersville Police Department ("MPD").

2.    The origins of Chief Taylor's obsession apparently began with the long-since

debunked "Pizzagate" hoax at the Comet Ping Pong pizzeria in Washington, D.C., involving

such notable politicians as Presidential candidate Hillary Rodham Clinton. At all times material

hereto, Chief Taylor's actions described herein were known and approved by Chief Morris,

Millersville, and its legal counsel at the time, Brian Kroll ("Mr. Kroll"). Accordingly, Chief

Taylor's actions or inactions in this regard constitute the "custom, policy, or practice" of Millersville. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). *See also Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013); *Brokaw v. Mercer County* 253 F.3d 1000 (7th Cir. 2000); *Grech v. Clayton County Ga.*, 288 F.3d 1377 (11th Cir. 2002); *Rookard v Health & Hospitals Corp.*, 710 F.2d 41 (2nd Cir. 1983); *Abasiekong v. Shelby*, 744 F.2d 1055 (4th Cir. 1984); *Burkhart v. Randles*, 764 F.2d 1196 (6th Cir. 1985).

3.      Chief Taylor's obsession with investigating child pedophilia rings in Middle Tennessee included, *inter alia*, allegations of aggravated perjury charges in connection with a child sex sting operation Chief Taylor conducted, which was largely comprised of private individuals and Chief Taylor conducting unauthorized and illegal searches into the criminal and financial histories of private Tennessee citizens, to include not only Mr. Justice, but numerous other perceived political enemies of Chief Taylor and/or Chief Morris. These actions ultimately resulted in the initiation of an investigation by the Tennessee Bureau of Investigation ("TBI"), which remains ongoing as of this writing.

4.      For his part, Mr. Justice, a City Commissioner for Mt. Juliet, Tennessee, at the time, desired to continue his commitment to public service by assisting Millersville and the MPD with his law enforcement skills. In return for his efforts, Chief Taylor, with the full knowledge and acquiescence of Chief Morris, violated Mr. Justice's Fourth Amendment rights under the U.S. Constitution. Mr. Justice has suffered damages as a direct and proximate result of the Defendants' actions in this regard.

5.      Following the initiation of the TBI investigation and a change in the membership of the City Commission, Chief Taylor resigned from Millersville without explanation. Moreover, following a motion by the City Commission to reduce Mr. Kroll's hourly

2

compensation and a controversy over an alleged conflict of interest regarding his representation of both Chief Taylor and Millersville, Mr. Kroll also resigned without further explanation. The filing of this lawsuit followed.

## II.     PARTIES

6.       Mr. Justice is a resident of Mt. Juliet and citizen of the State of Tennessee.

7.       Millersville is a governmental entity organized under the laws of the State of Tennessee, situated in Sumner and Roberston Counties. Millersville may be served with process through its Mayor, Lincoln Atwood, 1246 Louisville Highway, Millersville, Tennessee 37072.

8.       Chief Taylor was at all times material hereto an employee of Millersville and operated in his official and individual capacities. Chief Taylor may be served at 2049 Skyhawk Court, White House, Tennessee 37188.

9.       Chief Morris is an employee of Millersville and operated in his official and individual capacities. Chief Morris may be served through Mayor Lincoln Atwood, 1246 Louisville Highway, Millersville, Tennessee 37072.

## III.     FACTS

10.       In early 2024, Chief Morris was hired as MPD's Chief of Police and Interim City Manager. In addition, despite having knowledge of Chief Taylor's multiple controversial stints with law enforcement across the State of Tennessee and being generally unqualified, Chief Morris hired Chief Taylor to serve as Millerville's Assistant Chief of Police.

11.       Mr. Justice was hired in late 2023 by then-Chief of Police Melvin Brown ("Chief Brown"). Chief Brown and his assistant chief had already resigned before Mr. Justice actually began work for the city in 2024. As a former law enforcement officer, Mr. Justice assisted the MPD with immediately taking corrective action on several POST-commission issues and

3

reinvigorating a potential grant to MPD from the U.S. Department of Justice. Because of disfunction within Millersville, Mr. Justice shortly resigned from MPD in the same manner as a litany of other public servants before him.

12.     While he was employed at MPD, Mr. Justice reported to Detective Trey Burroughs ("Detective Burroughs"). After he left employment, Detective Burroughs informed Mr. Justice that he had been questioned by Chief Taylor regarding Mr. Justice's background. In addition, Detective Burroughs told Mr. Justice that Chief Taylor had possession of a red binder identified by Mr. Justice's name, even though he was a private citizen. Chief Taylor had another similar red binder identified by the name of Cristina Templet ("Commissioner Templet"), a City Commissioner who had publicly opposed the retention of Chief Taylor. Finally, Detective Burroughs reported that Chief Taylor had other red binders identified by the names of other perceived political enemies of Chief Taylor and Chief Morris in Millersville, many of which were private citizens, like Mr. Justice.

13.     Detective Burroughs further advised that he was unaware of any legitimate criminal investigations ongoing by MPD against Mr. Justice or any of the other identified individuals. Previously, former Mayor Tim Lassiter had been arrested and charged under the leadership of Chief Taylor and Chief Morris at MPD. Those criminal charges, which were unsurprisingly linked by Chief Taylor's fantasies regarding widespread child pedophilia rings, have all been dropped. In any event, there was no legal basis, and certainly not any authorization, for MPD to be investigating Mr. Justice, who again, was a private citizen at the time.

4

14.     Several months later, the TBI confirmed to Mr. Justice that someone at MPD – presumably Chief Taylor with Chief Morris's knowledge and approval – had performed illegal and unauthorized searches on Mr. Justice, to include the federal Financial Crimes Enforcement Network ("FinCEN"). In sum, the TBI indicated that Mr. Justice was a victim.

15.     Even Mr. Kroll confirmed the performance of such illegal and unauthorized searches at Millersville, although his clients predictably blame other individuals for doing so, in a recent, albeit unnecessarily lengthy federal lawsuit styled *Captain Todd Dorris, et al. v. Kim Kelley, et al.*, U.S. District Court for the Middle District of Tennessee, Case No. 3:25-cv-00052. ("The reports Taylor received further substantiated evidence that the City of Millersville had been conducting improper background checks of various individuals.") *Id.* at ¶ 43, p. 20. These allegations are also consistent with local media reporting, which indicates that not only were illegal and unauthorized searches conducted against Mr. Justice, a private citizen, but they were also initiated against several other perceived political enemies of Chief Taylor and Chief Morris to include, but not be limited to, U.S. Senators, District Attorney's General, and even sitting state Circuit Court judges. Accordingly, the TBI reportedly restricted MPD's access to certain information databases.

16.     Based on these allegations, Mr. Justice asserts a claim for damages against the Defendants, jointly and severally, pursuant to 42 U.S.C. § 1983 under the Fourth and Fourteenth Amendments to the U.S. Constitution and other legal theories.

5

## IV.    CAUSES OF ACTION

### Count 1: Fourth Amendment and 42 U.S.C. § 1983 (Chief Taylor and Chief Morris)

17.    Mr. Justice re-alleges and incorporates herein by reference Paragraphs 1 through 16 of the Complaint.

18.    The aforementioned actions by Chief Taylor, with full knowledge and acquiescence by Chief Morris, violated the Fourth Amendment to the U.S. Constitution as applied through 42 U.S.C. § 1983.  The Fourth Amendment guarantees that government officials, such as Chief Taylor and Chief Morris, may not subject private citizens, like Mr. Justice, to unreasonable searches and seizures without proper authorization.

19.    Chief Taylor, with Chief Morris's full knowledge and approval, performed illegal and unauthorized searches on Mr. Justice, to include the federal FinCEN database.  As a result, Mr. Justice has suffered damages.

### Count 2: *Monell* Liability (Millersville)

20.    Mr. Justice re-alleges and incorporates herein by reference Paragraphs 1 through 19 of the Complaint.

21.    At all times material hereto, Chief Taylor's actions, as a self-described "gypsy cop," to include, *inter alia*, performing illegal and unauthorized searches on perceived political enemies of Chief Taylor and Chief Morris, such as Mr. Justice, were known and approved by Chief Morris, Millersville, and Millersville's City Attorney, Mr. Kroll.  In fact, local media reports indicated that even Mr. Kroll partook in similar searches, together with Chief Taylor, through use of his former law firm's resources without its knowledge or authorization.  Finally, albeit in a pique of gaslighting, Mr. Kroll's clients confirmed Millersville's policy in this regard in a recent federal court filing.  ("The reports Taylor received further substantiated evidence that

6

the City of Millersville had been conducting improper background checks of various individuals.") *Id.* at ¶ 43, p. 20.

22. Accordingly, Chief Taylor's actions or inactions in this regard constituted the "custom, policy, or practice" of Millersville. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). *See also Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013); *Brokaw v. Mercer County* 253 F.3d 1000 (7th Cir. 2000); *Grech v. Clayton County Ga.*, 288 F.3d 1377 (11th Cir. 2002); *Rookard v Health & Hospitals Corp.*, 710 F.2d 41 (2nd Cir. 1983); *Abasiekong v. Shelby*, 744 F.2d 1055 (4th Cir. 1984); *Burkhart v. Randles*, 764 F.2d 1196 (6th Cir. 1985).

23. More specifically, Millersville had a municipal policy that existed at all times material hereto whereby illegal and unauthorized searches, to include the federal Financial Crimes Enforcement Network ("FinCEN") database, were performed on perceived political enemies of Chief Taylor and Chief Morris. Moreover, this policy was the moving force behind the Fourth Amendment constitutional violations and damages complained about by Mr. Justice here. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). Both of these elements have been further confirmed by Millersville's City Attorney, although his clients depict Chief Taylor as something of a small-town Eliott Ness, uprooting perceived political corruption in Millersville one illegal search at a time. *See supra.*

### Count 3: Negligent Hiring (Millersville)

24. Mr. Justice re-alleges and incorporates herein by reference Paragraphs 1 through 23 of the Complaint.

25. Millersville was negligent in hiring Chief Taylor and Chief Morris. In particular, Millersville owed Mr. Justice, as a private citizen, a duty of care, engaged in conduct below the

7

applicable standard of care to the extent that it amounted to a breach of this duty, and Mr. Justice suffered damages, which were directly and proximately caused by said breach.

26.     Chief Taylor was a self-described "gypsy cop" and well-known conspiracy theorist, who became obsessed with investigating and prosecuting purported child pedophilia rings apparently originating with the debunked "Pizzagate" hoax at the Comet Ping Pong pizzeria in Washington, D.C. Chief Taylor's fantasies regarding such bizarre topics ballooned far beyond mere private political beliefs and resulted in, *inter alia*, allegations of aggravated perjury charges in connection with a child sex sting operation Chief Taylor conducted, which was largely comprised of private individuals and Chief Taylor conducting unauthorized and illegal searches into the criminal and financial histories of private Tennessee citizens, to include Mr. Justice, and many other perceived political enemies of Chief Taylor and Chief Morris, including Senators, District Attorney's General, and even sitting Circuit Court judges. For his part, Chief Morris knew and approved of all foregoing actions by Chief Taylor.

27.     In short, Chief Taylor was manifestly unfit to perform the job of Assistant Chief of Police, or any job in law enforcement, in that he possessed a predisposition to conduct law enforcement work negligently. If hired, Chief Taylor posed an unreasonable risk to others, including Mr. Justice, a fact well-known to Chief Morris.

28.     Moreover, Chief Morris was also unfit to perform the job of Chief of Police, in that he possessed a predisposition to conduct and supervise law enforcement work negligently. If hired, Chief Morris posed an unreasonable risk to others, including Mr. Justice.

29.     Millersville knew or should have known about Chief Taylor's and Chief Morris's unfitness to perform the job for which they were to be employed at the time they were hired, particularly as it relates to conducting law enforcement in a supervisory capacity.

8

30.     Millersville owed Mr. Justice a duty not to hire negligent employees, like Chief Taylor and Chief Morris, who are unfit to perform the job for which they were employed.

31.     By hiring Chief Taylor and Chief Morris, Millersville engaged in conduct below the applicable standard of care to the extent that it amounted to a breach of its duty, which directly and proximately caused damage to Mr. Justice.

<u>**Count 4: Negligent Retention (Millersville)**</u>

32.     Mr. Justice re-alleges and incorporates herein by reference Paragraphs 1 through 31 of the Complaint.

33.     Millersville was negligent in hiring and retaining Chief Taylor and Chief Morris. In particular, Millersville owed Mr. Justice, as a private citizen, a duty of care, engaged in conduct below the applicable standard of care to the extent that it amounted to a breach of this duty, and Mr. Justice suffered damages, which were directly and proximately caused by said breach.

34.     Chief Taylor was a self-described "gypsy cop" and well-known conspiracy theorist, who became obsessed with investigating and prosecuting purported child pedophilia rings apparently originating with the debunked "Pizzagate" hoax at the Comet Ping Pong pizzeria in Washington, D.C.  Chief Taylor's fantasies regarding such bizarre topics ballooned far beyond mere private political beliefs and resulted in, *inter alia*, allegations of aggravated perjury charges in connection with a child sex sting operation Chief Taylor conducted, which was largely comprised of private individuals and Chief Taylor conducting unauthorized and illegal searches into the criminal and financial histories of private Tennessee citizens, to include Mr. Justice, and many other perceived political enemies of Chief Taylor and Chief Morris,

9

including Senators, District Attorney's General, and even sitting Circuit Court judges. For his part, Chief Morris knew and approved of all foregoing actions by Chief Taylor.

35.     In short, Chief Taylor was manifestly unfit to perform the job of Assistant Chief of Police, or any job in law enforcement, in that he possessed a predisposition to conduct law enforcement work negligently. If hired, Chief Taylor posed an unreasonable risk to others, including Mr. Justice.

36.     Moreover, Chief Morris was also unfit to perform the job of Chief of Police, in that he possessed a predisposition to conduct and supervise law enforcement work negligently. If hired, Chief Morris posed an unreasonable risk to others, including Mr. Justice.

37.     Millersville knew or should have known about Chief Taylor's and Chief Morris's unfitness to perform the job for which they were to be employed at the time they were hired, particularly as it relates to conducting law enforcement in a supervisory capacity.

38.     Millersville owed Mr. Justice a duty not to hire negligent employees, like Chief Taylor and Chief Morris, who are unfit to perform the job for which they were employed.

39.     By hiring Chief Taylor and Chief Morris, Millersville engaged in conduct below the applicable standard of care to the extent that it amounted to a breach of its duty, which directly and proximately caused damage to Mr. Justice.

40.     Millersville also owed Mr. Justice a duty not to retain Chief Taylor or Chief Morris to protect Mr. Justice, a private citizen, from damage caused by their negligent conduct and their unfitness to perform the jobs for which they were employed. This is particularly true after local media reports surfaced regarding the actions of Chief Taylor and Chief Morris, not to mention the ongoing TBI investigation and public inquiry by the City Commission.

10

41. By retaining Chief Taylor or Chief Morris after they were hired, and particularly after the flood of local media reports, TBI investigation, and scrutiny by the City Commission, Millersville engaged in conduct far below the applicable standard of care to the extent that it amounted to a breach of its duty, which directly and proximately caused damage to Mr. Justice. It was manifestly unreasonable for Millersville to keep either Chief Taylor or Chief Morris employed, but it did so.

## Count 5: Failure to Train/Negligent Supervision

42. Mr. Justice re-alleges and incorporates herein by reference Paragraphs 1 through 41 of the Complaint.

43. Millersville was negligent in hiring Chief Taylor and Chief Morris. In particular, Millersville owed Mr. Justice, a private citizen, a duty of care, engaged in conduct below the applicable standard of care to the extent that it amounted to a breach of his duty, and Mr. Justice suffered damages, which were directly and proximately caused by said breach.

44. Chief Taylor was a self-described "gypsy cop" and well-known conspiracy theorist, who became obsessed with investigating and prosecuting purported child pedophilia rings apparently originating with the debunked "Pizzagate" hoax at the Comet Ping Pong pizzeria in Washington, D.C. Chief Taylor's fantasies regarding such bizarre topics ballooned far beyond mere private political beliefs and resulted in, *inter alia*, allegations of aggravated perjury charges in connection with a child sex sting operation Chief Taylor conducted, which was largely comprised of private individuals and Chief Taylor conducting unauthorized and illegal searches into the criminal and financial histories of private Tennessee citizens, to include Mr. Justice, and many other perceived political enemies of Chief Taylor and Chief Morris,

11

including Senators, District Attorney's General, and even sitting Circuit Court judges. For his part, Chief Morris knew and approved of all foregoing actions by Chief Taylor.

45.     In short, Chief Taylor was unfit to perform the job of Assistant Chief of Police, or any job in law enforcement, in that he possessed a predisposition to conduct law enforcement work negligently. If hired, Chief Taylor posed an unreasonable risk to others, including Mr. Justice.

46.     Moreover, Chief Morris was also unfit to perform the job of Chief of Police, in that he possessed a predisposition to conduct and supervise law enforcement work negligently. If hired, Chief Morris posed an unreasonable risk to others, including Mr. Justice.

47.     Millersville knew or should have known about Chief Taylor's and Chief Morris's unfitness to perform the job for which they were to be employed at the time they were hired, particularly as it relates to conducting law enforcement in a supervisory capacity.

48.     Millersville owed Mr. Justice a duty not to hire negligent employees, like Chief Taylor and Chief Morris, who are unfit to perform the job for which they were employed.

49.     By hiring Chief Taylor and Chief Morris, Millersville engaged in conduct below the applicable standard of care to the extent that it amounted to a breach of its duty, which directly and proximately caused damages to Mr. Justice.

50.     Millersville owed Mr. Justice a duty to train and supervise Chief Taylor and Chief Morris to protect Mr. Justice from damage caused by their negligent conduct and their unfitness to perform the jobs for which they were employed.

51.     Millersville failed to adequately train and/or supervise Chief Taylor and Chief Morris. Such failure constitutes conduct below the applicable standard of care to the extent that it amounts to a breach of its duty, which directly and proximately caused damage to Mr. Justice.

12

## V.     PRAYER FOR RELIEF

WHEREFORE, Mr. Justice prays for the following relief:

A.     Process be issued and this Complaint be served upon each of the Defendants requiring them to respond;

B.     Compensatory damages against the Defendants, jointly and severally, in the amount of $5,000,000.00;

C.     Punitive damages against Chief Taylor and Chief Morris individually because their conduct was motivated by evil motive or intent or involved reckless or callous indifference to the federally protected rights of Mr. Justice in the amount of $1,500,000.00. *King v. Zamiara*, 788 F.3d 207, 216 (6th Cir. 2015);

D.     A jury trial of all issues triable by a jury of twelve; and,

D.     For such other, further, and general relief as to which Mr. Justice may show himself to be entitled upon a hearing in this cause.

Respectfully submitted,

/s/ Ben M. Rose
Ben M. Rose (#21254)
RoseFirm, PLLC
Post Office Box 1108
Brentwood, Tennessee 37024
615-942-8295
ben@rosefirm.com

Attorney for the Plaintiff, Ray Justice

13

Document 2
2/3/2025 Summons Returned Not Served
Bryan Morris - Individual Capacity



| **CIRCUIT COURT CIVIL SUMMONS** | **SUMNER COUNTY** |
|---|---|

**STATE OF TENNESSEE**
FILED 10/18 18TH JUDICIAL DISTRICT

☑ **ORIGINAL**
☐ **ALIAS**
☐ **PLURIES**

FEB 04 2025

Ray Justice

KATHRYN STRONG, CLERK
BY_____ D.C.

**Plaintiff(s)**

RECEIVED
JAN 3 0 2025
By MB 2500583

☑ **Sumner County Sheriff ($)**
☐ **Out of County Sheriff ($)**
☐ **Secretary of State ($)**
☐ **Commissioner of Insurance ($)**
☐ **Private Process Server**
☐ **Certified Mail**
   **($) Attach Required Fees**

**vs.**    Case #  **83CC1 - 20 25 - CV- 102**

Bryan Morris Individually
1246 Louisville Hwy
Millersville, TN 37072

**Defendant(s)**

**TO THE ABOVE-NAMED DEFENDANT:** Bryan Morris, Individual Capacity

    You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on the plaintiff's attorney at the address below. Your defense must be made within thirty (30) days from the date this summons is served upon you, exclusive of the day of service. If you fail to defend this action by the above date, judgment by default can be rendered against you for the relief demanded in the complaint.

Issued: _Jan 28_, 20 25.

**KATHRYN STRONG, CLERK**
By: _____ D.C.

| **ATTORNEY FOR PLAINTIFF OR PLAINTIFF'S ADDRESS:** | Name: Ben M. Rose, RoseFirm, PLLC |
|---|---|
| | Address: Post Office Box 1108, Brentwood, Tennessee 370__ |

**TO THE DEFENDANT(S):** NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice: Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**CERTIFICATION (IF APPLICABLE)**

I, KATHRYN STRONG, Circuit Court Clerk, Sumner County, Tennessee, certify this to be a true and correct copy of the original Summons issued in this case.

**KATHRYN STRONG, CLERK**

Date:_____    By:_____ D.C.

    If you require assistance or modification due to a qualified disability, please contact the ADA Coordinator, Kim White at 615-451-6023.

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return that on the __3__ day of __Feb__, 20_25_, I:

[ ] Served this Summons and Complaint/Petition on the following Defendant, _____

_____ in the following manner: _____.

[X] Failed to serve this Summons because _Bryon Morris_ is not to be found in this County after diligent search and inquiry for the following reason(s): _No longer employed e located._

This the __3__ day of __Feb__, 20_25_.

_____
~~DEPUTY SHERIFF~~/PROCESS SERVER

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the __ day of _____, 20 __, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above-styled case, to the defendant, _____.

On _____ I received the return receipt for said registered or certified mail, which had been signed by _____ on _____.

Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

By: _____
**PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS**

**Sworn to and subscribed before me on this _____ day of _____, 20_____.**

_____
**Notary Public or _____ Deputy Clerk**
**My Commission Expires:** _____

*ATTACH*
*RETURN RECEIPT*
*HERE*
*(IF APPLICABLE)*

Served by (Print) _Stinson_ _____
Process Server, S.C.S.O. 117 W. Smith St.
Gallatin, TN 37066 (615)442-1826


COPY

**CIRCUIT COURT CIVIL SUMMONS**     **SUMNER COUNTY**

## STATE OF TENNESSEE
## 18TH JUDICIAL DISTRICT

☑ **ORIGINAL**
☐ **ALIAS**
☐ **PLURIES**

Ray Justice

_____

_____

**Plaintiff(s)**

vs.     Case # 83CC1 - 20 25 - CV- 102

Bryan Morris Individual Capacity
1246 Louisville Hwy
Millersville TN 37072

**Defendant(s)**

☑ **Sumner County Sheriff ($)**
☐ **Out of County Sheriff ($)**
☐ **Secretary of State ($)**
☐ **Commissioner of Insurance ($)**
☐ **Private Process Server**
☐ **Certified Mail**
    **($) Attach Required Fees**

**TO THE ABOVE-NAMED DEFENDANT:** Bryan Morris, Individual Capacity _____

    You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on the plaintiff's attorney at the address below. Your defense must be made within thirty (30) days from the date this summons is served upon you, exclusive of the day of service. If you fail to defend this action by the above date, judgment by default can be rendered against you for the relief demanded in the complaint.

Issued: Jan. 28 , 20 25 .

**KATHRYN STRONG, CLERK**
By: _____ **D.C.**

| **ATTORNEY FOR PLAINTIFF** **OR PLAINTIFF'S ADDRESS:** | Name: Ben M. Rose, RoseFirm, PLLC |
|---|---|
| | Address: Post Office Box 1108, Brentwood, Tennessee 370?? |

**TO THE DEFENDANT(S):** NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice: Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### CERTIFICATION (IF APPLICABLE)

I, KATHRYN STRONG, Circuit Court Clerk, Sumner County, Tennessee, certify this to be a true and correct copy of the original Summons issued in this case.

**KATHRYN STRONG, CLERK**

Date:_____     By:_____ **D.C.**

  ♿  If you require assistance or modification due to a qualified disability, please contact the ADA Coordinator, Kim White at 615-451-6023.

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

☐ Served this Summons and Complaint/Petition on the following Defendant, _____

_____ in the following manner: _____.

☐ Failed to serve this Summons because _____ is not to be found

in this County after diligent search and inquiry for the following reason(s): _____

_____.

This the _____ day of _____, 20_____.

_____
DEPUTY SHERIFF/PROCESS SERVER

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the ___ day of _____, 20 ___, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above-styled case, to the defendant, _____.

On _____ I received the return receipt for said registered or certified mail, which had been signed by _____ on _____.

Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

By: _____
**PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS**

**Sworn to and subscribed before me on this
_____ day of _____, 20_____.**

_____
_____Notary Public or _____Deputy Clerk
**My Commission Expires:_____**

*ATTACH
RETURN RECEIPT
HERE
(IF APPLICABLE)*

Document 3
2/3/2025 Summons Returned Not Served
Bryan Morris Official Capacity



**CIRCUIT COURT CIVIL SUMMONS**     **SUMNER COUNTY**

### STATE OF TENNESSEE
18TH JUDICIAL DISTRICT

FILED 9:08 a.m.
FEB 04 2025
KATHRYN STRONG, CLERK
BY _____ D.C.

- [✔] ORIGINAL
- [ ] ALIAS
- [ ] PLURIES

Ray Justice
_____
_____
**Plaintiff(s)**

vs.     Case # 83CC1 - 20 25 - CV- 102

Bryan Morris Official Capacity
℅ Mayor Lincoln Atwood
1246 Louisville Hwy, Millersville TN
37072
**Defendant(s)**

- [✔] Sumner County Sheriff ($)
- [ ] Out of County Sheriff ($)
- [ ] Secretary of State ($)
- [ ] Commissioner of Insurance ($)
- [ ] Private Process Server
- [ ] Certified Mail
     (S) Attach Required Fees

RECEIVED
JAN 3 0 2025
NB
BY 2500583

**TO THE ABOVE-NAMED DEFENDANT:** Bryan Morris, Official Capacity

    You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on the plaintiff's attorney at the address below. Your defense must be made within thirty (30) days from the date this summons is served upon you, exclusive of the day of service. If you fail to defend this action by the above date, judgment by default can be rendered against you for the relief demanded in the complaint.

    Issued: Jan 28 , 20 25 .

**KATHRYN STRONG, CLERK**

By: _____ D.C.

| **ATTORNEY FOR PLAINTIFF** | Name: Ben M. Rose, RoseFirm, PLLC |
| **OR PLAINTIFF'S ADDRESS:** | Address: Post Office Box 1108, Brentwood, Tennessee 3702 |

**TO THE DEFENDANT(S):** NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice: Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### CERTIFICATION (IF APPLICABLE)

I, KATHRYN STRONG, Circuit Court Clerk, Sumner County, Tennessee, certify this to be a true and correct copy of the original Summons issued in this case.

**KATHRYN STRONG, CLERK**

Date:_____     By:_____ D.C.

    If you require assistance or modification due to a qualified disability, please contact the ADA Coordinator, Kim White at 615-451-6023.

**RETURN ON SERVICE OF SUMMONS**

I hereby certify and return that on the _3_ day of _Feb_ , 20_25_ , I:

[ ] Served this Summons and Complaint/Petition on the following Defendant, _____

_____ in the following manner: _____ .

[X] Failed to serve this Summons because _Byron Morris_ is not to be found

in this County after diligent search and inquiry for the following reason(s): _No longer employed_

_e location._ _____ .

This the _3_ day of _Feb_ , 20_25_ .

_____
DEPUTY SHERIFF/PROCESS SERVER

---

**RETURN ON SERVICE OF SUMMONS BY MAIL**

I hereby certify and return, that on the __ day of _____, 20 __, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above-styled case, to the defendant, _____ .

On _____ I received the return receipt for said registered or certified mail, which had been signed by _____ on _____ .

Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

By: _____
**PLAINTIFF, PLAINTIFF'S ATTORNEY
OR OTHER PERSON AUTHORIZED BY
STATUTE TO SERVE PROCESS**

**Sworn to and subscribed before me on this**
_____ **day of** _____, 20_____.

_____
**_____Notary Public or _____Deputy Clerk**
**My Commission Expires:_____**

*ATTACH
RETURN RECEIPT
HERE
(IF APPLICABLE)*

Served by (Print) _Stinson_ _____
Process Server, S.C.S.O. 117 W. Smith St.
Gallatin, TN 37066 (615)442-1826

 COPY

| **CIRCUIT COURT CIVIL SUMMONS** | **SUMNER COUNTY** |
|---|---|

**STATE OF TENNESSEE**
**18TH JUDICIAL DISTRICT**

☑ ORIGINAL
☐ ALIAS
☐ PLURIES

Ray Justice

**Plaintiff(s)**

vs.     Case # 83CC1 - 20 25 - CV- 102

☑ Sumner County Sheriff ($)
☐ Out of County Sheriff ($)
☐ Secretary of State ($)
☐ Commissioner of Insurance ($)
☐ Private Process Server
☐ Certified Mail
   ($) Attach Required Fees

Bryan Morris, Official Capacity
℅ Mayor Lincoln Atwood
1246 Louisville Hwy, Millersville TN 77072
**Defendant(s)**

**TO THE ABOVE-NAMED DEFENDANT:** Bryan Morris, Official Capacity

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on the plaintiff's attorney at the address below. Your defense must be made within thirty (30) days from the date this summons is served upon you, exclusive of the day of service. If you fail to defend this action by the above date, judgment by default can be rendered against you for the relief demanded in the complaint.

Issued: Jan 28, 20 25.

**KATHRYN STRONG, CLERK**
By: Freeland D.C.

| **ATTORNEY FOR PLAINTIFF** **OR PLAINTIFF'S ADDRESS:** | Name: Ben M. Rose, RoseFirm, PLLC<br>Address: Post Office Box 1108, Brentwood, Tennessee 3702 |
|---|---|

**TO THE DEFENDANT(S):** NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice: Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**CERTIFICATION (IF APPLICABLE)**

I, KATHRYN STRONG, Circuit Court Clerk, Sumner County, Tennessee, certify this to be a true and correct copy of the original Summons issued in this case.

**KATHRYN STRONG, CLERK**

Date: _____     By: _____ D.C.

♿ If you require assistance or modification due to a qualified disability, please contact the ADA Coordinator, Kim White at 615-451-6023.

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

☐ Served this Summons and Complaint/Petition on the following Defendant, _____

_____ in the following manner: _____.

☐ Failed to serve this Summons because _____ is not to be found

in this County after diligent search and inquiry for the following reason(s): _____

_____.

This the _____ day of _____, 20_____.

_____
DEPUTY SHERIFF/PROCESS SERVER

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the __ day of _____, 20 __, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above-styled case, to the defendant, _____.

On _____ I received the return receipt for said registered or certified mail, which had been signed by _____ on _____.

Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

By: _____
**PLAINTIFF, PLAINTIFF'S ATTORNEY
OR OTHER PERSON AUTHORIZED BY
STATUTE TO SERVE PROCESS**

**Sworn to and subscribed before me on this
_____ day of _____, 20_____.**

_____
**_____Notary Public or _____Deputy Clerk
My Commission Expires:_____**

*ATTACH
RETURN RECEIPT
HERE
(IF APPLICABLE)*

Document 4
2/3/2025 Summons Returned Not Served
Shawn Taylor Official Capacity

ORIGINAL

| CIRCUIT COURT CIVIL SUMMONS | SUMNER COUNTY |
|---|---|

### STATE OF TENNESSEE
### FILED 18TH JUDICIAL DISTRICT
90/a M

☑ **ORIGINAL**
☐ **ALIAS**
☐ **PLURIES**

Ray Justice

FEB 04 2025

KATHRYN STRONG, CLERK

BY _____ D.C.
**Plaintiff(s)**

vs.        Case # 83CC1-20 _25_ - CV- _102_

Shawn Taylor, Official Capacity
2049 Skyhawk Court
White House, TN 37188
**Defendant(s)**

☑ Sumner County Sheriff ($)
☐ Out of County Sheriff ($)
☐ Secretary of State ($)
☐ Commissioner of Insurance ($)
☐ Private Process Server
☐ Certified Mail
   ($) Attach Required Fees

RECEIVED
JAN 3 0 2025
MB
By. 2500583

**TO THE ABOVE-NAMED DEFENDANT:** Shawn Taylor, Official Capacity

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on the plaintiff's attorney at the address below. Your defense must be made within thirty (30) days from the date this summons is served upon you, exclusive of the day of service. If you fail to defend this action by the above date, judgment by default can be rendered against you for the relief demanded in the complaint.

Issued: _Jan 28_, 20 _25_.

**KATHRYN STRONG, CLERK**
By: _P Freeland_ D.C.

| ATTORNEY FOR PLAINTIFF OR PLAINTIFF'S ADDRESS: | Name: Ben M. Rose, RoseFirm, PLLC |
|---|---|
| | Address: Post Office Box 1108, Brentwood, Tennessee 370__ |

**TO THE DEFENDANT(S):** NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice: Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### CERTIFICATION (IF APPLICABLE)

I, KATHRYN STRONG, Circuit Court Clerk, Sumner County, Tennessee, certify this to be a true and correct copy of the original Summons issued in this case.

**KATHRYN STRONG, CLERK**

Date: _____        By: _____ D.C.

♿ If you require assistance or modification due to a qualified disability, please contact the ADA Coordinator, Kim White at 615-451-6023.

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return that on the __3ʳᵈ__ day of _February_, 20_25_, I:

[ ] Served this Summons and Complaint/Petition on the following Defendant, _____

_____ in the following manner: _____.

[X] Failed to serve this Summons because _Shawn Taylor/or Official Capacity_ is not to be found

in this County after diligent search and inquiry for the following reason(s): _Said address is_

_not in Sumner co. TN._.

This the __3ʳᵈ__ day of _February_, 20_25_.

Rick Thompson
S.C.S.O. 117 W. Smith St.
Gallatin, TN 37066
615-452-2616

_R. Thompson #209_ _____
DEPUTY SHERIFF/PROCESS SERVER

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the __ day of _____, 20 __, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above-styled case, to the defendant, _____.

On _____ I received the return receipt for said registered or certified mail, which had been signed by _____ on _____.

Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

By: _____
**PLAINTIFF, PLAINTIFF'S ATTORNEY
OR OTHER PERSON AUTHORIZED BY
STATUTE TO SERVE PROCESS**

**Sworn to and subscribed before me on this
_____ day of _____, 20_____.**

_____
**Notary Public or _____ Deputy Clerk
My Commission Expires:_____**

_ATTACH
RETURN RECEIPT
HERE
(IF APPLICABLE)_

 COPY

| CIRCUIT COURT CIVIL SUMMONS | SUMNER COUNTY |
|---|---|

**STATE OF TENNESSEE**
**18TH JUDICIAL DISTRICT**

- ☑ ORIGINAL
- ☐ ALIAS
- ☐ PLURIES

Ray Justice

_____

_____

**Plaintiff(s)**

vs.     Case #   83CC1 - 20 _25_ - CV- _102_

Shawn Taylor, Official Capacity
2049 Skyhawk Court
White House, TN 37188

**Defendant(s)**

- ☑ Sumner County Sheriff ($)
- ☐ Out of County Sheriff ($)
- ☐ Secretary of State ($)
- ☐ Commissioner of Insurance ($)
- ☐ Private Process Server
- ☐ Certified Mail
   ($) Attach Required Fees

**TO THE ABOVE-NAMED DEFENDANT:** Shawn Taylor, Official Capacity

    You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on the plaintiff's attorney at the address below. Your defense must be made within thirty (30) days from the date this summons is served upon you, exclusive of the day of service. If you fail to defend this action by the above date, judgment by default can be rendered against you for the relief demanded in the complaint.

Issued: _Jan. 28_, 20 _25_.

**KATHRYN STRONG, CLERK**

By: _Sheeland_ D.C.

| **ATTORNEY FOR PLAINTIFF OR PLAINTIFF'S ADDRESS:** | Name: Ben M. Rose, RoseFirm, PLLC |
|---|---|
| | Address: Post Office Box 1108, Brentwood, Tennessee 3702 |

**TO THE DEFENDANT(S):** NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice: Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**CERTIFICATION (IF APPLICABLE)**

I, KATHRYN STRONG, Circuit Court Clerk, Sumner County, Tennessee, certify this to be a true and correct copy of the original Summons issued in this case.

**KATHRYN STRONG, CLERK**

Date: _____     By: _____ D.C.

    ♿ If you require assistance or modification due to a qualified disability, please contact the ADA Coordinator, Kim White at 615-451-6023.

**RETURN ON SERVICE OF SUMMONS**

I hereby certify and return that on the _____ day of _____, 20_____, I:

☐ Served this Summons and Complaint/Petition on the following Defendant, _____

_____ in the following manner: _____.

☐ Failed to serve this Summons because _____ is not to be found

in this County after diligent search and inquiry for the following reason(s): _____

_____.

This the _____ day of _____, 20_____.

_____
**DEPUTY SHERIFF/PROCESS SERVER**

---

**RETURN ON SERVICE OF SUMMONS BY MAIL**

I hereby certify and return, that on the __ day of _____, 20 __, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above-styled case, to the defendant, _____.

On _____ I received the return receipt for said registered or certified mail, which had been signed by _____ on _____.

Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

By: _____
**PLAINTIFF, PLAINTIFF'S ATTORNEY
OR OTHER PERSON AUTHORIZED BY
STATUTE TO SERVE PROCESS**

**Sworn to and subscribed before me on this**
_____ **day of** _____, 20_____.

_____
**_____Notary Public or _____Deputy Clerk**
**My Commission Expires:**_____

*ATTACH*
*RETURN RECEIPT*
*HERE*
*(IF APPLICABLE)*

Document 5
2/3/2025 Summons Returned Served
City of Millersville



| **CIRCUIT COURT CIVIL SUMMONS** | **SUMNER COUNTY** |
|---|---|

**STATE OF TENNESSEE**

FIL**18**TH**JUDICIAL DISTRICT**

FEB 04 2025

KATHRYN STRONG, CLERK

BY _____ D.C.

Ray Justice

_____

_____

**Plaintiff(s)**

vs.          Case #  83CC1 - 20_25_ - CV- _102_

City of Millersville, Tennessee, et al.

℅ Mayor Lincoln Atwood

1246 Louisville Hwy, Millersville, TN 37072

**Defendant(s)**

- [✔] **ORIGINAL**
- [ ] **ALIAS**
- [ ] **PLURIES**

- [✔] **Sumner County Sheriff ($)**
- [ ] **Out of County Sheriff ($)**
- [ ] **Secretary of State ($)**
- [ ] **Commissioner of Insurance ($)**
- [ ] **Private Process Server**
- [ ] **Certified Mail**
    **($) Attach Required Fees**

RECEIVED JAN 30 2025
MB 2500583

**TO THE ABOVE-NAMED DEFENDANT:** City of Millersville, Tennessee

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on the plaintiff's attorney at the address below. Your defense must be made within thirty (30) days from the date this summons is served upon you, exclusive of the day of service. If you fail to defend this action by the above date, judgment by default can be rendered against you for the relief demanded in the complaint.

Issued: _Jan 28_, 20 _25_.

**KATHRYN STRONG, CLERK**

By: _____ D.C.

| **ATTORNEY FOR PLAINTIFF OR PLAINTIFF'S ADDRESS:** | Name: Ben M. Rose, RoseFirm, PLLC |
|---|---|
| | Address: Post Office Box 1108, Brentwood, Tennessee 3702 |

**TO THE DEFENDANT(S):** NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice: Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**CERTIFICATION (IF APPLICABLE)**

I, KATHRYN STRONG, Circuit Court Clerk, Sumner County, Tennessee, certify this to be a true and correct copy of the original Summons issued in this case.

**KATHRYN STRONG, CLERK**

Date: _____          By: _____ D.C.

♿ If you require assistance or modification due to a qualified disability, please contact the ADA Coordinator, Kim White at 615-451-6023.

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return that on the _3_ day of _Feb_ , 20_25_ , I:

[X] Served this Summons and Complaint/Petition on the following Defendant, _Lincoln_
_Atwood_ in the following manner: _Served copy in person._

[ ] Failed to serve this Summons because _____ is not to be found
in this County after diligent search and inquiry for the following reason(s): _____

_____ .

This the _3_ day of _Feb_ , 20_25_ .

_____
DEPUTY SHERIFF/PROCESS SERVER

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the __ day of _____, 20 __, I sent, postage prepaid,
by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a
copy of the complaint in the above-styled case, to the defendant, _____ .

On _____ I received the return receipt for said registered or
certified mail, which had been signed by _____ on _____ .
Said return receipt is attached to this original summons and both documents are being sent herewith to
the Circuit Court Clerk for filing.

By: _____
**PLAINTIFF, PLAINTIFF'S ATTORNEY
OR OTHER PERSON AUTHORIZED BY
STATUTE TO SERVE PROCESS**

**Sworn to and subscribed before me on this
_____ day of _____, 20_____ .**

_____
**Notary Public or _____ Deputy Clerk**
**My Commission Expires:_____**

*ATTACH
RETURN RECEIPT
HERE
(IF APPLICABLE)*

erved by (Print) _Stinson_
Process Server, S.C.S.O. 117 W. Smith St.
Gallatin, TN 37066 (615)442-1826

Document 6
2/15/2025 Order of Recusal

IN THE CIRCUIT COURT FOR SUMNER COUNTY, TENNESSEE, DIV. I,
AT GALLATIN

RAY JUSTICE,                                      )
                                                  )
    Plaintiff,                 )
                                                  )
VS.                                               )     NO. 83CC1-2025-CV-102
                                                  )
CITY OF MILLERSVILLE, TENNESSEE,                  )
SHAWN TAYLOR, in his official capacities, and     )
BRYAN MORRIS, in his official capacities,         )
                                                  )     FILED
                                                        1:00      P M
    Defendants,                )

FEB 1 4 2025

## ORDER OF RECUSAL

KATHRYN STRONG, CLERK
BY_____
               D.C.

      The court finds that it is necessary for Judge Joe H. Thompson to recuse himself

from this cause pursuant to Tennessee Supreme Court Rule 10, Code of Judicial Conduct.

This matter shall be referred to Judge Dee Gay, presiding Judge *pro tem* for the 18th

Judicial District, for assignment of a special judge to hear this case to final disposition.

      IT IS SO ORDERED.

_____
Joe H. Thompson, Circuit Court Judge

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing Order has been served *via* hand-delivery to the Honorable Dee David Gay; and

*via* electronic mail to:

Ben M. Rose
Rose Firm, PLLC
P.O. Box 1108
Brentwood, TN 37024
ben@rosefirm.com
*Attorney for Plaintiff*

Robert G. Wheeler, Jr
Law Office of Robert G. Wheeler, Jr.
740 C Conference Drive
P.O. Box 211
Goodlettsville, TN 37070
rob@rwheelerlaw.com
*Attorney for City of Millersville*

Bryan Morris
(no address provided)

Shawn Taylor
2049 Skyhawk Court
White House, TN 37188

Hand delivered:

Hon. Dee David Gay
Presiding Judge, 18th Judicial District

on this 14 day of February, 2025.

_____
Deputy Clerk

Document 7
2/25/2025 Order Reassigning Case
to Judge Nichols

IN THE CIRCUIT COURT FOR SUMNER COUNTY, TENNESSEE, DIV. I
AT GALLATIN

RAY JUSTICE,
    Plaintiff,

VS.

CITY OF MILLERSVILLE, TENNESSEE,
SHAWN TAYLOR, in his official capacities, and
BRYAN MORRIS, in his official capacities,

    Defendants,

No. 83CC1-2025-CV-102

FILED
2:00 P M

FEB 2 5 2025

KATHRYN STRONG, CLERK
BY_____ D.C.

---

## ORDER

---

As Presiding Judge *pro tem* and pursuant to T.C.A. § 16-2-509(c) and Tennessee
Supreme Court Rule 11, § III, the undersigned hereby assigns this matter to the
Honorable Jennifer Nichols Court Judge, to hear to final disposition.

    IT IS SO ORDERED.

_____
Dee David Gay, Criminal Court Judge

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing Order has been served *via* hand-delivery to the Honorable Jennifer Nichols; *via* U.S. Mail postage prepaid and/or electronic mail Pursuant to Tenn. R. Civ. P. 5.02(2)(a) to the following:

Judge Jennifer Nichols
c/o Rhonda Martin
Rhonda.Martin@tncourts.gov

Ben M. Rose
Rose Firm, PLLC
P.O. Box 1108
Brentwood, TN 27024
ben@rosefirm.com
*Attorney for Petitioner*

Robert G. Wheeler, Jr.
Law Office of Robert G. Wheeler, Jr.
740 C Conference Drive
P.O. Box 211
Goodlettsville, TN   37070
rob@rwheelerlaw.com
*Attorney for City of Millersville*

Bryan Morris
(no address provided)

Shawn Taylor
2049 Skyhawk Court
White House, TN 37188

on this __26__ day of __February__, 2025.

_____
DEPUTY CLERK

Document 8
3/5/2025 Summons Returned Not Served
Bryan Morris - Official Capacity



| CIRCUIT COURT CIVIL SUMMONS | SUMNER COUNTY |
|---|---|

## STATE OF TENNESSEE
## 18ᵀᴴ JUDICIAL DISTRICT

☐ ORIGINAL
☑ ALIAS
☐ PLURIES

Ray Justice

**RECEIVED**
FEB 2 6 2025
By MR 2501204

**Plaintiff(s)**

vs.   Case # 83CC1-2025-CV-102

Bryan Morris, Official Capacity
c/o Mayor Lincoln Atwood
1246 Louisville Highway, Millersville, Tennessee 37072

**Defendant(s)**

☑ Sumner County Sheriff ($)
☐ Out of County Sheriff ($)
☐ Secretary of State ($)
☐ Commissioner of Insurance ($)
☐ Private Process Server
☐ Certified Mail
   ($) Attach Required Fees

**TO THE ABOVE-NAMED DEFENDANT:** Bryan Morris, Official Capacity

    You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on the plaintiff's attorney at the address below. Your defense must be made within thirty (30) days from the date this summons is served upon you, exclusive of the day of service. If you fail to defend this action by the above date, judgment by default can be rendered against you for the relief demanded in the complaint.

    Issued: February 25ᵗ , 20 25 .    **KATHRYN STRONG, CLERK**

    By: _____ D.C.

| ATTORNEY FOR PLAINTIFF OR PLAINTIFF'S ADDRESS: | Name: Ben M. Rose, RoseFirm, PLLC |
|---|---|
| | Address: Post Office Box 1108, Brentwood, Tennessee 370|

**TO THE DEFENDANT(S):** NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice: Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### CERTIFICATION (IF APPLICABLE)

I, KATHRYN STRONG, Circuit Court Clerk, Sumner County, Tennessee, certify this to be a true and correct copy of the original Summons issued in this case.

    **KATHRYN STRONG, CLERK**    FILED 9:00 A M

Date: _____    By: _____    MARC0 6 2025

    KATHRYN STRONG, CLERK
    BY _____ D.C.

♿ If you require assistance or modification due to a qualified disability, please contact the ADA Coordinator, Kim White at 615-451-6023.

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return that on the __5th__ day of __March__, 20_25_, I:

☐ Served this Summons and Complaint/Petition on the following Defendant, _____

_____ in the following manner: _____.

☒ Failed to serve this Summons because __Bryan Morris__ is not to be found in this County after diligent search and inquiry for the following reason(s): __Millersville TN. City__ __Manager ( Mike Gorham ) advised Millersville TN. Att4 →__

This the __5th__ day of __March__, 20_25_.

→ Will not accept Service due to Bryan Morris is no longer an employee. __D. Thompson #209/R.__

__DEPUTY SHERIFF/PROCESS SERVER__

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the __ day of _____, 20 __, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above-styled case, to the defendant, _____.

On _____ I received the return receipt for said registered or certified mail, which had been signed by _____ on _____.

Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

By: _____

**PLAINTIFF, PLAINTIFF'S ATTORNEY**
**OR OTHER PERSON AUTHORIZED BY**
**STATUTE TO SERVE PROCESS**

**Sworn to and subscribed before me on this**
_____ **day of** _____, 20_____.

_____**Notary Public or** _____**Deputy Clerk**
**My Commission Expires:**_____

*ATTACH*
*RETURN RECEIPT*
*HERE*
*(IF APPLICABLE)*

Document 9
03/05/2025 Summons Returned – Not Served
Shawn Taylor - Official Capacity



| **CIRCUIT COURT CIVIL SUMMONS** | **SUMNER COUNTY** |
|---|---|

## STATE OF TENNESSEE
## 18TH JUDICIAL DISTRICT

☐ **ORIGINAL**
☑ **ALIAS**
☐ **PLURIES**

Ray Justice

**R E C E I V E D**
FEB 2 6 2025
By MB 2501204

**Plaintiff(s)**

**vs.**   Case # 83CC1-2025-CV-102

☑ Sumner County Sheriff ($)
☐ Out of County Sheriff ($)
☐ Secretary of State ($)
☐ Commissioner of Insurance ($)
☐ Private Process Server
☐ Certified Mail
(S) Attach Required Fees

Shawn Taylor, Official Capacity
c/o Mayor Lincoln Atwood
1246 Louisville Highway, Millersville, Tennessee  37072

**Defendant(s)**

**TO THE ABOVE-NAMED DEFENDANT:** Shawn Taylor, Official Capacity

　　　You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on the plaintiff's attorney at the address below.  Your defense must be made within thirty (30) days from the date this summons is served upon you, exclusive of the day of service. If you fail to defend this action by the above date, judgment by default can be rendered against you for the relief demanded in the complaint.

　　　Issued: February 25, 20 25 .

**KATHRYN STRONG, CLERK**

By: _____ D.C.

| **ATTORNEY FOR PLAINTIFF** **OR PLAINTIFF'S ADDRESS:** | Name: Ben M. Rose, RoseFirm, PLLC  Address: Post Office Box 1108, Brentwood, Tennessee  37024 |
|---|---|

**TO THE DEFENDANT(S):** NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice: Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment.  If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## CERTIFICATION (IF APPLICABLE)

I, KATHRYN STRONG, Circuit Court Clerk, Sumner County, Tennessee, certify this to be a true and correct copy of the original Summons issued in this case.

**KATHRYN STRONG, CLERK**

Date: _____   By: _____ D.C.   FILED 9:08 A M

♿   If you require assistance or modification due to a qualified disability, please contact the ADA Coordinator, Kim White at 615-451-6023.

MAR 0 6 2025

KATHRYN STRONG, CLERK

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return that on the __5th__ day of __March__, 20__25__, I:

[ ] Served this Summons and Complaint/Petition on the following Defendant, _____

_____ in the following manner: _____.

[X] Failed to serve this Summons because __Shawn Taylor__ is not to be found in this County after diligent search and inquiry for the following reason(s): __Millersville TN, City Manager (Mike Gorham) advised Millersville TN. Att y →__

This the __5th__ day of __March__, 20__25__.

→ Will not accept Service due to Shawn Taylor is no longer an employee.

__R. Thompson #209__
DEPUTY SHERIFF/PROCESS SERVER

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the __ day of _____, 20 __, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above-styled case, to the defendant, _____.

On _____ I received the return receipt for said registered or certified mail, which had been signed by _____ on _____.

Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

By: _____
**PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS**

**Sworn to and subscribed before me on this _____ day of _____, 20_____.**

_____
**_____Notary Public or _____Deputy Clerk**
**My Commission Expires:_____**

*ATTACH*
*RETURN RECEIPT*
*HERE*
*(IF APPLICABLE)*

Document 10
3/25/2025 Summons Returned Not Served
Shawn Taylor - Individual Capacity



## CIRCUIT COURT CIVIL SUMMONS | SUMNER COUNTY

### STATE OF TENNESSEE
18TH JUDICIAL DISTRICT

FILED

RECEIVED JAN 3 0 2025

Ray Justice

FEB 04 2025

KATHRYN STRONG, CLERK
By _____ D.C.

**Plaintiff(s)**

☑ ORIGINAL
☐ ALIAS
☐ PLURIES

☑ Sumner County Sheriff ($)
☐ Out of County Sheriff ($)
☐ Secretary of State ($)
☐ Commissioner of Insurance ($)
☐ Private Process Server
☐ Certified Mail
(($) Attach Required Fees

vs.     Case #  83CC1 - 20 _25_ - CV - _102_

Shawn Taylor, Individually
3049 Skyhawks Court
White House, TN 37188

**Defendant(s)**

TO THE ABOVE-NAMED DEFENDANT: Shawn Taylor, Individual Capacity

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on the plaintiff's attorney at the address below. Your defense must be made within thirty (30) days from the date this summons is served upon you, exclusive of the day of service. If you fail to defend this action by the above date, judgment by default can be rendered against you for the relief demanded in the complaint.

Issued: _Jan. 28_, 20 _25_.

KATHRYN STRONG, CLERK
By: _____ D.C.

| **ATTORNEY FOR PLAINTIFF** | Name: Ben M. Rose, RoseFirm, PLLC |
|---|---|
| **OR PLAINTIFF'S ADDRESS:** | Address: Post Office Box 1108, Brentwood, Tennessee 3702 |

**TO THE DEFENDANT(S):** NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice: Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### CERTIFICATION (IF APPLICABLE)

I, KATHRYN STRONG, Circuit Court Clerk, Sumner County, Tennessee, certify this to be a true and correct copy of the original Summons issued in this case.

KATHRYN STRONG, CLERK

Date: _____     By: _____ D.C.

♿ If you require assistance or modification due to a qualified disability, please contact the ADA Coordinator, Kim White at 615-451-6023.

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return that on the _3rd_ day of _February_ , 20 _25_, I:

[ ] Served this Summons and Complaint/Petition on the following Defendant, _____

_____ in the following manner: _____.

[X] Failed to serve this Summons because _Shawn Taylor, Individual_is not to be found
in this County after diligent search and inquiry for the following reason(s): _Said address is_

_not in Sumner Co. TN._ .

This the _3rd_ day of _February_ , 20 _25_.

Rick Thompson
S.C.S.O. 117 W. Smith St.
Gallatin, TN 37066
615-452-2616

R. Thompson #209
DEPUTY SHERIFF/PROCESS SERVER

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the __ day of _____, 20 __, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above-styled case, to the defendant, _____.

On _____ I received the return receipt for said registered or certified mail, which had been signed by _____ on _____.

Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

By: _____
**PLAINTIFF, PLAINTIFF'S ATTORNEY
OR OTHER PERSON AUTHORIZED BY
STATUTE TO SERVE PROCESS**

**Sworn to and subscribed before me on this**
_____ **day of** _____, 20_____ .

_____
**Notary Public or _____Deputy Clerk**
**My Commission Expires:** _____

*ATTACH
RETURN RECEIPT
HERE
(IF APPLICABLE)*


COPY

| CIRCUIT COURT CIVIL SUMMONS | SUMNER COUNTY |
|---|---|

**STATE OF TENNESSEE**
**18TH JUDICIAL DISTRICT**

☑ ORIGINAL
☐ ALIAS
☐ PLURIES

Ray Justice
_____
_____
**Plaintiff(s)**

vs.    Case # **83CC1 - 20 _25_ - CV- _/ 0 2_**

*Shawn Taylor - Individually*
*2049 Skyhawk Court*
*White House TN 37188*
**Defendant(s)**

☑ Sumner County Sheriff ($)
☐ Out of County Sheriff ($)
☐ Secretary of State ($)
☐ Commissioner of Insurance ($)
☐ Private Process Server
☐ Certified Mail
    ($) Attach Required Fees

**TO THE ABOVE-NAMED DEFENDANT:** Shawn Taylor, Individual Capacity
_____

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on the plaintiff's attorney at the address below. Your defense must be made within thirty (30) days from the date this summons is served upon you, exclusive of the day of service. If you fail to defend this action by the above date, judgment by default can be rendered against you for the relief demanded in the complaint.

Issued: _Jan 28_, 20 _25_.

**KATHRYN STRONG, CLERK**
By: _O Freeland_ D.C.

| ATTORNEY FOR PLAINTIFF OR PLAINTIFF'S ADDRESS: | Name: Ben M. Rose, RoseFirm, PLLC |
|---|---|
| | Address: Post Office Box 1108, Brentwood, Tennessee 370 |

**TO THE DEFENDANT(S):** NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice: Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**CERTIFICATION (IF APPLICABLE)**

I, KATHRYN STRONG, Circuit Court Clerk, Sumner County, Tennessee, certify this to be a true and correct copy of the original Summons issued in this case.

**KATHRYN STRONG, CLERK**

Date: _____    By: _____ D.C.

♿ If you require assistance or modification due to a qualified disability, please contact the ADA Coordinator, Kim White at 615-451-6023.

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

[ ] Served this Summons and Complaint/Petition on the following Defendant, _____

_____ in the following manner: _____.

[ ] Failed to serve this Summons because _____ is not to be found

in this County after diligent search and inquiry for the following reason(s): _____

_____.

This the _____ day of _____, 20_____.

_____
DEPUTY SHERIFF/PROCESS SERVER

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the ___ day of _____, 20 ___, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above-styled case, to the defendant, _____.

On _____ I received the return receipt for said registered or certified mail, which had been signed by _____ on _____.

Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

By: _____
**PLAINTIFF, PLAINTIFF'S ATTORNEY
OR OTHER PERSON AUTHORIZED BY
STATUTE TO SERVE PROCESS**

**Sworn to and subscribed before me on this
_____ day of _____, 20_____.**

_____
_____**Notary Public or** _____**Deputy Clerk**
**My Commission Expires:**_____

*ATTACH
RETURN RECEIPT
HERE
(IF APPLICABLE)*

Document 11
3/28/25  Notice of Appearance
City of Millersville

IN THE CIRCUIT COURT OF SUMNER COUNTY, TENNESSEE
FOR THE EIGHTEENTH JUDICIAL DISTRICT AT GALLATIN

FILED
11:46 A M
MAR 2 8 2025
KATHRYN STRONG, CLERK
BY_____D.C.

RAY JUSTICE,

      Plaintiff,

v.

CITY OF MILLERSVILLE, TENNESSEE,
SHAWN TAYLOR, in his official and
individual capacities, and BRYAN MORRIS,
in his official and individual capacities,

      Defendants.

No. 83CC1-2025-CV-102

---

## NOTICE OF APPEARANCE

COMES NOW Geoffrey A. Lindley and requests that he be entered as counsel of record for Defendant City of Millersville, Tennessee, in the above styled matter. This request is made on behalf of Defendant without waiving, but while specifically reserving, all defenses to which Defendant is entitled.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, P.L.C.

By: _____

GEOFFREY A. LINDLEY (BPR No. 021574)
*Attorneys for Defendant City of Millersville*
209 East Main Street
P.O. Box 1147
Jackson, Tennessee 38302-1147
(731) 423-2414
glindley@raineykizer.com

10507-250881 (GAL)

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of this pleading or document was served upon

the following via email and USPS:

Ben M. Rose (BPR No. 21254)
**ROSE FIRM, PLLC**
*Attorney for Plaintiff Ray Justice*
P.O. Box 1108
Brentwood, TN 37024
(615) 942-8295
ben@rosefirm.com

This the 28ᵗʰ day of March, 2025.

_____
GEOFFREY A. LINDLEY