# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | |
|---|---|
| RAY JUSTICE,<br>　　Plaintiff, ) | )<br>) |
| | ) |
| v. | ) Case No. 3:25-cv-00468 |
| | ) CRENSHAW/HOLMES |
| CITY OF MILLERSVILLE, | ) JURY DEMAND |
| TENNESSEE, et al. | ) |
| 　　Defendants. | ) |

## RESPONSE IN OPPOSITION TO
## MOTION TO DISQUALIFY ATTORNEY BRYANT KROLL

Defendants Shawn Taylor and Bryan Morris submit this Response in Opposition to Plaintiff's Motion to Disqualify Attorney Bryant Kroll (Dkt. No. 34).

Rule 3.7 of the Tennessee Rules of Professional Conduct is narrow. A lawyer may be disqualified as a "necessary witness" only when that lawyer possesses **admissible, material, factual evidence that is both essential to a disputed issue and unobtainable from any other source.** See *State v. Spears*, 2018 Tenn. Crim. App. LEXIS 548; *Carter v. Carter*, 2013 Tenn. App. LEXIS 669. Mere speculation, hearsay, or legal conclusions do not meet this standard.

Plaintiff Ray Justice's motion ignores this settled law. His own filings cannot even agree on what knowledge Mr. Kroll allegedly has. In his *motion*, Plaintiff asserts that Mr. Kroll "approved of and reportedly participated in some of the same kinds of criminal searches" as the Defendants. In his memorandum, Plaintiff shifts, claiming that Mr. Kroll "approved of the illegal criminal searches" and that media reports *suggested* he "performed the same kinds of searches together with Chief Taylor." But in Ray Justice's *Declaration*, Plaintiff claims nothing more than that he "viewed a NewsChannel 5 article" and that "according to the article" Mr. Kroll once worked

at The Blackburn Firm. This patchwork of speculation and hearsay underscores the problem: **Plaintiff never identifies any precise, admissible factual knowledge that Mr. Kroll alone possesses.**

Instead, Plaintiff claims that Mr. Kroll, while serving as City Attorney, "approved" certain searches conducted by Defendant Taylor. But that is not factual testimony. At most, it is a legal opinion on the ultimate issue of whether a search occurred and whether it was lawful. Legal conclusions are inadmissible and cannot render an attorney a "necessary witness."

Equally telling is what Plaintiff does not allege. He identifies no conversation, meeting, or act that only Mr. Kroll witnessed; no document or record in Mr. Kroll's sole possession; and no reason why the same information could not be obtained from Defendants Taylor or Morris, City employees, City records, or even Plaintiff's own witnesses.

At bottom, Plaintiff admits he is relying on media articles and LinkedIn screenshots, submitted through a self-serving "declaration" infested with hearsay and inaccuracies, to suggest that Mr. Kroll somehow has unique testimony. A declaration is not admissible evidence, especially a hearsay declaration that attaches a hearsay article and some hearsay screenshots. None of the Plaintiff's hearsay is admissible under any exception in the Federal Rules of Evidence. Because Plaintiff has not identified admissible, material fact testimony unobtainable elsewhere, disqualification is not permitted under Rule 3.7.

For these reasons, and as outlined more fully below, Plaintiff's motion fails for multiple independent reasons:

1. Plaintiff has not carried his burden of proving disqualification with competent, admissible evidence, and relies instead on a hearsay declaration and unauthenticated media articles that cannot establish any factual dispute;

2. Plaintiff has not shown that federal law supports disqualification in this case, as there is no attorney-client relationship and no transfer of confidential information;

3. Rule 3.7 applies only when counsel is a "necessary witness" to admissible facts, and Plaintiff seeks only inadmissible legal opinions on the ultimate issue of search legality;

4. Even assuming arguendo that Mr. Kroll had queried a database, any such information is protected by qualified immunity and is obtainable through other sources;

5. Plaintiff's counsel has no evidence whatsoever to support accusations of illegal conduct, rendering any testimony unavailable under the Fifth Amendment and federal law governing FinCEN disclosures; and

6. Much of the information Plaintiff seeks is further barred by attorney-client privilege and work product protection;

**ARGUMENT**

**I.    Plaintiff Has Failed to Carry His Burden of Proving Disqualification With Competent, Admissible Evidence.**

"[I]n a motion to disqualify, the movant has the burden of proving that opposing counsel should be disqualified." *McKinney v. McMeans,* 147 F. Supp. 2d 898, at 900-01(W.D. Tenn. 2001)(citing *Bartech Indus.*, 910 F. Supp. at 392 (citations omitted in original)). "Although it need not hold an evidentiary hearing, the court must satisfy itself that an adequate evidentiary record exists, permitting later appellate review." *McKinney* at 900-01 (citing *Bartech* at 392)(citing *General Mill Supply Co. v. SCA Servs., Inc.*, 697 F.2d 704, 710 (6th Cir. 1982)). "Similar to a deciding a motion for summary judgment, courts rely on sworn affidavits and other evidence in the record, but may not decide disputed issues of fact." *McKinney* at 900-01(citing *General Mill Supply Co.*, 697 F.2d at 710)).

Plaintiff's filings are disjointed. The *motion* claims Mr. Kroll "approved of and reportedly participated" in searches. The *memorandum* claims he "approved" of searches and relies on media "suggestions." The Ray Justice *Declaration* admits only that Justice "viewed" an article and "according to the article" Mr. Kroll once worked at The Blackburn Firm. This "Frankenstein" patchwork underscores Plaintiff's failure to identify even a single specific fact that Mr. Kroll alone knows. Without precise, factual testimony, Rule 3.7 is inapplicable.

Under Fed. R. Evid. 801, hearsay is inadmissible absent an exception. "Generally, newspaper articles are 'classic, inadmissible hearsay' and are 'unusable to defeat summary judgment.'" *Pough v. Dewine*, No. 2:21-cv-880, 2021 U.S. Dist. LEXIS 273504, at *24 (S.D. Ohio Sep. 30, 2024)(quoting *Hicks v. Charles Pfizer & Co.,* 466 F. Supp. 2d 799, 804 (E.D. Tex. 2005)(quoting *Roberts v. City of Shreveport,* 397 F.3d 287, 295 (5th Cir. 2005) & citing other cases).

More specifically, if they are "offered for the truth of the matter asserted, newspaper articles … constitute inadmissible hearsay." *Pough* at *24 (quoting *Park W. Galleries, Inc. v. Glob. Fine Art Registry, LLC,* No: 2:08-cv-12247, 2010 U.S. Dist. LEXIS 22872, 2010 WL 987772, at *3 (E.D. Mich. Mar. 12, 2010)(finding a newspaper article inadmissible and concluding that "it could not create a genuine issue of material fact for trial"(citing Fed. R. Evid. 801(c) and *Turner v. City of Taylor,* 412 F.3d 629, 652 (6th Cir. 2005))).

When a news article repeats a statement someone else made, it may constitute double hearsay, or "hearsay within hearsay." *Pough* at *24-25 (S.D. Ohio Sep. 30, 2024). "Such an article is 'inadmissible unless both levels of hearsay fall within an exception to the hearsay rule.'" *Id.* (quoting *In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-2804, 2021 U.S. Dist. LEXIS 181619, 2021 WL 4341317, at *6 (N.D. Ohio Sept. 23, 2021) (citing *Reynolds v. Green*, 184 F.3d 589, 596 (6th Cir. 1999)); Fed. R. Evid. 805.

4

The Declaration of Ray Justice (Dkt. 34-1) and its attached exhibits are inadmissible. It violates Fed. R. Evid. 602 because it is not based on personal knowledge, and it violates Rule 801 because it consists entirely of multiple layers of hearsay. Courts routinely strike such submissions. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 584–85 (6th Cir. 1992). Because Plaintiff relies solely on hearsay and unauthenticated exhibits, he has failed to establish any factual basis for disqualification and has not carried his burden of proof.

Plaintiff also filed a random "Additional Attachment" to his Memorandum as [Dkt. 37] which is an Order from another state proceeding that has nothing to do with Ray Justice. It is certainly not admissible, affirmative evidence for purposes of Ray Justice's Motion to Disqualify, and it should also be excluded from consideration. Even if the Court were to consider the unrelated Order, Plaintiff has failed entirely to show anything in that frivolous ouster proceeding contains even a single admissible fact that makes Mr. Kroll a "necessary witness" in Ray Justice's case.

## II. Ray Justice Has Failed To Show Disqualification Is Proper Under Federal Law.

A federal district court's authority to disqualify attorneys derives from two sources. First, attorneys are governed by the local rules of the court in which they appear. *McKinney,* 147 F. Supp. at 900 (*citing Bartech Indus. V. Int'l Baking Co*., 910 F. Supp. 388, 392 (E.D. Tenn. 1996). Second, because motions to disqualify affect a party's substantive rights under *Erie*, such motions are decided by applying standards developed under federal law. *McKinney* at 900(citing *Bartech Indus.* at 392); *Bell Atl. Corp. v. Bolger*, 2 F.3d 1304, 1316 (3d Cir. 1999).

Under federal law, "[d]eciding a motion to disqualify counsel requires the court to determine (1) whether a past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) whether the subject matter of those relationships was/or is substantially related; and (3) whether the attorney acquired confidential

information from the party seeking disqualification." *McKinney* at 900(citing *Dana Corp. v. Blue Cross & Blue Shield*, 900 F.2d 882, 889 (6th Cir. 1990) (citation omitted).

Here, there is no attorney-client relationship alleged between Plaintiff and Bryant Kroll, which should end the inquiry under federal law.

## III. Rule 3.7 Requires a Lawyer to Be a "Necessary Witness" to Admissible, Material Facts — Not Legal Opinions or Speculation

Under Tenn. Sup. Ct. R. 8, Rule 3.7(a), a lawyer cannot act as advocate at trial only if he is a *necessary witness*. Disqualification under Rule 3.7 is a drastic remedy. Court's strictly limit disqualification to situations where the lawyer's testimony **is relevant and material to disputed issues and the information is unobtainable from other sources**. *State v. Spears,* 2018 Tenn. Crim. App. LEXIS 547 (Tenn. Crim. App. 2018), *Carter v. Carter*, 2013 Tenn. App. LEXIS 669 (Tenn. Ct. App. 2013).

Although nothing in the evidentiary records supports it, Plaintiff claims in his motion that Kroll "approved of Chief Taylor's searches" in his role as City Attorney. Plainly, this seeks testimony on a legal opinion about the lawfulness of the alleged search, which is a legal opinion on the ultimate issue in this case and wholly inadmissible. See, e.g. *Henry v. City of Flint*, Civil Action No. 17-cv-11061, 2019 U.S. Dist. LEXIS 86225, at *21 (E.D. Mich. Apr. 19, 2019)("Dr. Westrick's opinion that the Officers lacked probable cause to arrest Henry also constitutes an improper legal conclusion.") See also *Frontczak v. City of Detroit,* 2020 U.S. Dist. LEXIS 212940 (E.D. Mich. July 23, 2020)(finding that testimony of expert witness should be excluded for containing impermissible legal conclusions about the legality of a marijuana operation and a police search claimed to be invalid in a 42 U.S.C. § 1983 claim against several Detroit Police officers).

"Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge in the function of instructing the jury . . ." *Henry* at \*21(*quoting Berry v. City of Detroit*, 25 F.3d 1352, 1353-54 (6th Cir. 1994)).

In sum, any opinion from the City Attorney with regard to approving search is not just a legal opinion, but a legal opinion on the ultimate issue of the legality of any search. Because such testimony is inadmissible, it cannot create any "disputed issue" and cannot transform Bryant Kroll into a "necessary witness."

## IV. Any Alleged Search of a Criminal Database Conducted By Bryant Kroll is Also Protected by Qualified Immunity.

This case is subject to a stay of discovery against the individual Defendants, pending resolution of their qualified immunity defenses, which is stated in the Initial Case Management Order entered in this case. Plaintiff's motion to disqualify is a transparent attempt to evade that stay by targeting defense counsel as a witness. Courts forbid such end-runs. See *Waid v. Early (In re Flint Water Cases)*, 960 F.3d 820, 597–98 (6th Cir. 2020)(In the 6th Circuit, qualified immunity is designed to protect officials from unnecessary and burdensome discovery… including deposition, when their actions are consistent with established legal standards and courts have discretion to manage discovery in a way that respects the qualified immunity defense, ensuring that officials are not subjected to undue burdens). Allowing disqualification here to clear the way for testimony from defense counsel in his capacity as the former City Attorney would undermine the very protection qualified immunity affords: immunity from burdensome discovery.

Plaintiff's latest theory is that Mr. Kroll "reportedly participated in some of the same kinds of criminal searches as City Attorney that Mr. Justice complains about here." This accusation is both new and unsupported. Plaintiff insinuates that media reports somehow show Mr. Kroll

personally conducted criminal searches of FinCEN, the only database identified in the Amended Complaint. But Plaintiff has not pointed to a single report suggesting that Mr. Kroll ever conducted any search—much less a FinCEN search.

This allegation suffers from three fatal flaws. First, it does not appear in the Amended Complaint and therefore is not part of Plaintiff's claims. Second, it is supported only by inadmissible hearsay in the form of a media article attached to Ray Justice's hearsay Declaration. Third, even if considered, the article says nothing about Mr. Kroll performing searches himself. Because the accusation is outside the pleadings, unsupported by admissible evidence, and contradicted by Plaintiff's own exhibits, it cannot serve as a basis to disqualify counsel.

Even if Plaintiff could show—though he has not—that Mr. Kroll queried a criminal database while City Attorney, that information is readily available from the agency maintaining the database. A subpoena to the agency would reveal whether any search was conducted under Mr. Kroll's name. Because the information is obtainable elsewhere, Mr. Kroll cannot be a "necessary witness" under Rule 3.7.

In addition, as City Attorney, Mr. Kroll also served as the City's prosecutor under T.C.A. § 6-21-202(1) and the Millersville Charter. Thus, even if he had conducted a search (which he did not), Plaintiff could not compel testimony about it because such conduct would fall within the protections of qualified immunity. The Sixth Circuit has held that when a prosecutor "performs the investigative functions normally performed by a detective or police officer" such as "searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested," he "is entitled only at most to qualified immunity." *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).

Here, Mr. Kroll is entitled to the same qualified immunity protections from discovery and depositions as Defendants Taylor and Morris. For the same reasons the Court has stayed discovery as to Taylor and Morris, Plaintiff cannot bypass that stay by targeting their counsel.

**V.      Plaintiff's Counsel Has No Evidence of Any Illegal Search, and His Unsupported Accusations Violate Rule 11.**

Attorney Ben Rose has presented absolutely no evidence—nor even a good-faith basis to suggest—that Mr. Kroll ever engaged in an illegal search of any criminal database. Such baseless accusations are precisely the type of unsupported filings that Federal Rule of Civil Procedure 11 forbids. By recklessly asserting that opposing counsel committed crimes without evidentiary support, Plaintiff's counsel has crossed the line into sanctionable conduct.

Even setting Rule 11 aside, Plaintiff's allegations prove why Mr. Kroll cannot be a "necessary witness." If Plaintiff is falsely claiming Mr. Kroll engaged in illegal database searches, any questioning on that subject would be categorically unavailable because Mr. Kroll—or any witness so accused—would properly assert the Fifth Amendment privilege against self-incrimination.  Testimony that is constitutionally barred cannot render an attorney a "necessary witness" under Rule 3.7.

Moreover, even the only factual theory in this case—that Ray Justice was allegedly "run through FinCEN"—is equally unavailable as evidence. Federal law strictly prohibits disclosure to a subject of a FinCEN search that such a query has been conducted. See, e.g., 31 U.S.C. §§ 5311(g); 31 C.F.R. Part 1010. No witness, and certainly not Mr. Kroll, could lawfully testify to such a disclosure. Thus, Plaintiff seeks testimony that is both inadmissible and legally impossible to obtain.

Because Plaintiff's accusations are unsupported, constitutionally barred, and legally prohibited, they cannot serve as a basis for disqualification under Rule 3.7.

## VI. Much of the Information Plaintiff Seeks Is Privileged or Protected Work Product and Therefore Unavailable.

As City Attorney, Mr. Kroll served as the City's legal advisor and prosecutor, working directly for the City Manager under the Charter. Any alleged "approval" or legal advice he gave to City officials concerning searches falls within the attorney-client privilege or attorney work product doctrine. Plaintiff cannot force disclosure of privileged communications by labeling opposing counsel a "necessary witness." Testimony that is categorically unavailable due to privilege or immunity cannot support disqualification. See *McKinney v. McMeans*, 147 F. Supp. 2d 898, 900 (W.D. Tenn. 2001) (noting disqualification is appropriate only where testimony is available, material, and unobtainable elsewhere).

### CONCLUSION

Plaintiff's Motion to Disqualify is not about ethics. It is a litigation tactic to sidestep the stay of discovery triggered by the Defendants' assertion of qualified immunity. If permitted, it would do precisely what the Supreme Court has forbidden: allow burdensome discovery by targeting opposing counsel when discovery from Defendants is stayed. See *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1982). Rule 3.7 does not permit such gamesmanship.

Equally important, Plaintiff has failed to carry his burden of proof. He relies on nothing but speculation, hearsay articles, and an incompetent declaration that cannot establish any admissible fact. Plaintiff's counsel has no evidence whatsoever that Mr. Kroll engaged in any illegal act, making the accusations sanctionable under Rule 11. And because any such testimony

would be inadmissible opinion, privileged, or unavailable under the Fifth Amendment and federal law, Mr. Kroll cannot, as a matter of law, be a "necessary witness."

For all of these reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Disqualify in its entirety.

Respectfully Submitted,


/s/ *Bryant Kroll*
Bryant Kroll (#33394)
The Law Office of Bryant Kroll
P.O. Box 219
Pegram, TN 37143
Ph: (615) 994-1837
Bryant@BryantKroll.com

Philip Aaron Wells (#36248)
Robinson, Smith & Wells, PLLC
633 Chestnut Street, Suite 700
Chattanooga, TN 37450
Ph:      (423) 756-5051
Fax:     (423) 266-0474
AWells@rswlaw.com

*Attorneys for Shawn Taylor & Bryan Morris*

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing document has been served

upon the following via this Court's electronic CM/ECF filing system to:

| | |
|---|---|
| Ben M. Rose ( #21254) | Geoffrey Lindley (# 21574) |
| RoseFirm, PLLC | Matthew Courtner (#29113) |
| Post Office Box 1108 | Rainey Kizer Reviere & Bell PLC |
| Brentwood, Tennessee 37024 | Office 731.426.8138 \| Fax: 731.426.8150 |
| 615-942-8295 | glindley@raineykizer.com |
| ben@rosefirm.com | mcourtner@raineykizer.com |
| *Attorney for the Plaintiff, Ray Justice* | *Attorneys for Defendant City of Millersville* |

This 29th Day of August, 2025.

       */s/ Bryant Kroll*
       Bryant Kroll (#33394)