IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| RAY JUSTICE ) | |
| ) | Case No. 3:25-cv-00468 |
| v. ) | Judge Crenshaw |
| ) | Magistrate Judge Holmes |
| CITY OF MILLERSVILLE, ) | |
| TENNESSEE *et al.* ) | |

**O R D E R**

Pending before the Court are the following motions:

1. Motion to stay discovery pending resolution of their motions to dismiss based on qualified immunity filed by Defendants Shawn Taylor and Bryan Morris in their individual capacity (Docket No. 27), to which Plaintiff responded (Docket No. 33) Taylor and Morris replied (Docket No. 42), and Plaintiff sur-replied (Docket No. 44-1);

2. Motion to stay discovery pending resolution of their motions to dismiss based on qualified immunity filed by Defendants City of Millersville, Tennessee, and Taylor and Morris in their official capacity (Docket No. 45);

3. Motion to disqualify Bryant Kroll as counsel for Defendants Taylor and Morris in their individual capacity filed by Plaintiff Ray Justice (Docket No. 34), to which Defendants Taylor and Morris responded in opposition (Docket No. 46) and Plaintiff replied in support (Docket No. 47);[1] and

4. Motion to quash and/or for protective order filed by Defendants City of Millersville, Shawn Taylor, and Bryan Morris (Docket No. 54). [2]

---

[1] The motion to disqualify was referred to the undersigned for disposition. (Docket No. 39.) A motion to disqualify is a non-dispositive motion that may be resolved by order. *See Vanderbilt Univ. v. Scholastic, Inc.*, 321 F. Supp. 3d 830, 832 (M.D. Tenn. 2018) (Crenshaw, J.) (citations omitted).

[2] The Court recognizes that the time under Local Rule 7.01(a)(3) for Plaintiff to respond to Defendants' motion to quash has not yet expired. Nevertheless, the Court elects to exercise its authority under Local Rule 7.01(b) to rule on the motion prior to the time allowed for response.

For the reasons detailed below, the motions to stay (Docket Nos. 27, 45) are **GRANTED**; the motion to disqualify (Docket No. 34) is **DENIED WITHOUT PREJDUICE**; and the motion to quash and/or for protective order (Docket No. 54) is **DENIED AS MOOT AND WITHOUT PREJUDICE**. Separately, Plaintiff's motion for leave to file sur-reply (Docket No. 44) is **GRANTED**. The Court considered Plaintiff's sur-reply and separately filing is unnecessary.

## I. PROCEDURAL BACKGROUND

Plaintiff initiated this lawsuit in the Circuit Court for Sumner County, Tennessee on January 28, 2025, but the case was then removed to this Court by Taylor and Morris. (Docket No. 1-1.) Plaintiff amended his complaint twice. (Docket Nos. 11, 23).[3] In the first amended complaint filed on July 29, 2025 (Docket No. 23), which is the operative complaint, Plaintiff alleges that Taylor and Morris, both of whom are employees of City of Millersville, violated Plaintiff's Fourth Amendment rights, as applied through 42 U.S.C. § 1983, by performing an "illegal and unauthorized" search using the federal Financial Crimes Enforcement Network (Count I); and that City of Millersville is liable for that unreasonable search under *Monell* v. *Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (Count II). (*Id*. at ¶¶ 17–23.)

In response to the first amended complaint, Millersville, Taylor, and Morris filed motions to dismiss. (Docket Nos. 24, 25.) In the first motion, Taylor and Morris, in their official capacities, and City of Millersville, seek to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal

---

[3] Both amended complaints are, confusingly, captioned as "First Amended Complaint." Typical of the parties' apparent intention to intensely contest every aspect of this case, Plaintiff's first filing of a First Amended Complaint without a motion for leave resulted in Defendants' filings of motions to dismiss or strike. (Docket Nos. 11, 12, 13.) In response, Plaintiff then moved for leave to amend. (Docket No. 14.) In the interests of clarity, Plaintiff's second amendment should probably have been described as the "Second Amended Complaint." For clarity now, unless otherwise noted, referenced to the "first amended complaint" are to the amended complaint filed July 29, 2025 at Docket No. 23.

Rules of Civil Procedure for two reasons: (1) the official capacity claims against Taylor and Morris are redundant because City of Millersville is a named defendant; and (2) Plaintiff failed to allege sufficient facts to support a claim under the Fourth Amendment. (Docket No. 24-1.) In the second motion, Taylor and Morris, in the individual capacities, also seek to dismiss Plaintiff's claim pursuant to Rule 12(b)(6) for four reasons: (1) Plaintiff failed to allege sufficient facts to support a claim under the Fourth Amendment; (2) "there is no reasonable expectation of privacy in information contained in law enforcement databases or records maintained under the Bank Secrecy Act"; (3) the complaint "fails to allege any specific conduct by either Defendant and instead relies on generalized accusations, vague timelines, and rhetorical framing"; and (4) Taylor and Morris are "entitled to qualified immunity as the Complaint fails to allege any clearly established statutory or constitutional right that was violated by their conduct." (Docket No. 25-1.)

In the two pending motions to stay discovery, Taylor, Morris, and City of Millersville ask the Court to stay discovery on all claims asserted against them because Taylor and Morris have asserted qualified immunity in their pending motion to dismiss. (Docket Nos. 27, 45.) Plaintiff explicitly opposes the first motion filed by Taylor and Morris in their individual capacity because Taylor and Morris are seeking a blanket stay of all discovery rather than a more targeted stay of discovery that excludes City of Millersville, and because Plaintiff has "good arguments" for why qualified immunity does not apply. (Docket No. 33.) Plaintiff also argues that Taylor and Morris failed to comply with the Court's procedures for the resolution of discovery disputes, and therefore the motion should be denied on procedural grounds. (*Id.*)

## II. LAW AND ANALYSIS

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL

3

2709623, at *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936))). The Court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 254–55).

Nevertheless, when a defendant "files a motion to dismiss based on qualified immunity, the court must stay discovery until that issue is decided." *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020) (citation and quotation marks omitted). "Qualified immunity shields government officials from civil [individual] liability in the performance of their duties so long 'as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Getz v. Swoap*, 833 F.3d 646, 652 (6th Cir. 2016) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The purpose of qualified immunity "is not only protection from civil damages but protection from the rigors of litigation itself, including the potential disruptiveness of discovery." *Summers v. Leis*, 368 F.3d 881, 886 (6th Cir. 2004) (citations omitted).

Still, qualified immunity "is a right to immunity from certain claims, not from litigation in general." *In re Flint Water Cases*, 960 F.3d at 826 (citation omitted). For that reason, when a defendant "is subject to discovery requests on claims for which [he] does not or cannot assert qualified immunity, such discovery requests do not implicate [his] right to qualified immunity." *Id.* (quotation omitted). *See also Mitchell v. Ohio State Univ.*, No. 2:19-CV-4162, 2020 WL 548326, at *3 (S.D. Ohio Feb. 3, 2020) ("The Individual Defendants are not entitled to avoid participating in discovery in the entire action merely because some of Plaintiff's claims against them may be subject to an immunity defense.").

4

Here, Taylor and Morris assert qualified immunity with respect to all of the claims asserted against them. A stay of discovery is therefore appropriate as to all of Plaintiff's claims against Defendants Taylor and Morris. Both defendants are being sued in their individual capacities and have raised the issue of qualified immunity in their motions to dismiss.[4] A stay of discovery as to Taylor and Morris until that issue is decided is therefore warranted. *See In re Flint Water Cases*, 960 F.3d at 826.

The Court is not persuaded by many of Plaintiff's arguments in response to the motion. First, Plaintiff contends that a stay is inappropriate because "qualified immunity does not apply in this case." (Docket No. 33 at 3.) However, whether qualified immunity applies is not the operative question in the context of the instant motion to stay discovery. Instead, the question is whether a defendant has filed a motion to dismiss based on qualified immunity. *See id.* The former question is one for the District Judge when deciding the pending motions to dismiss and not one for the undersigned to consider in the context of determining whether a stay of discovery is appropriate.

In addition, Plaintiff incorrectly argues that the issue before the Court is a "discovery dispute" that must be resolved pursuant to the Notice and Order of Magistrate Judge Holmes' Case Management Procedures and Instructions. (Docket No. 19 at 3–4.) Although the Court always encourages parties to discuss proposed motions prior to filing – and, indeed, Local Rule 7.01(a)(1) requires counsel to confer about the relief requested in a motion before filing it – the Court will not deny the instant motion to stay discovery because Taylor and Morris allegedly failed to comply with discovery dispute resolution procedures. Further, to be clear, a motion to stay discovery does not ordinarily implicate the discovery rules and is generally not a contest to which the discovery

---

[4] To be clear, this stay of discovery should not be construed as a determination by or even an expression of opinion of the undersigned of the merits of the asserted immunity defense, as that issue remains pending for the District Judge's determination.

dispute resolution procedures apply. Had counsel raised this issue during the initial case management conference, which they certainly had the opportunity to do, the Court would have made that clarification.

As for discovery related to City of Millersville, the three defendants – Taylor and Morris in their official capacities and City of Millersville – concede that City of Millersville cannot raise the qualified immunity defense but nevertheless argue that all of the claims asserted by Plaintiff are "inexplicably intertwined" and therefore a stay of discovery as to all claims is proper. The Court agrees and finds that, while the qualified immunity defense is unavailable to City of Millersville, a stay of discovery is also appropriate as to Plaintiff's claims against City of Millersville because the two claims in this litigation cannot be extricated in any logical, efficient way. For these reasons and using its inherent authority to stay proceedings, *Ferrell*, 2005 WL 2709623, at *1, the Court finds that a stay of discovery as to all claims is appropriate.

Because the Court will stay discovery pending resolution of the motions to dismiss, the Court finds that resolution of Plaintiff's motion to disqualify Mr. Kroll as counsel for Taylor and Morris in their individual capacities (Docket No. 34) is also appropriately denied at this point in the litigation, but without prejudice to refiling after the stay of discovery is lifted.

For those same reasons, the Court finds that the motion to quash and/or for protective order filed by City of Millersville, Taylor, and Morris (Docket No. 54) should likewise be denied as moot. Plaintiff will not be able to take any depositions until the stay of discovery is lifted, so there is no need to rule on the merits of the motion to quash at this time. The motion to quash may be refiled if Plaintiff seeks to take Mr. Kroll's deposition after the stay of discovery is lifted.

The Court has set another case management conference on February 2, 2026 (Docket No. 43), during which time the parties may seek further guidance on the issue of the stay of discovery if the stay is still in place at that time.

### III. CONCLUSION

For these reasons, both motions to stay discovery pending resolution of their motions to dismiss based on qualified immunity (Docket No. 27, 45) are **GRANTED**; the motion to disqualify (Docket No. 34) is **DENIED WITHOUT PREJDUICE**; and the motion quash and/or for protective order (Docket No. 54) is **DENIED AS MOOT AND WITHOUT PREJUDICE**. Separately, Plaintiff's motion for leave to file sur-reply (Docket No. 44) is **GRANTED** but without the necessity of separate filing of the sur-reply.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge