## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| RAY JUSTICE )<br><br>v. )<br><br>CITY OF MILLERSVILLE,<br>TENNESSEE *et al.* )<br>) )<br>) )<br>) )<br>) )<br>) ) | **Case No. 3:25-cv-00468**<br>**Judge Crenshaw**<br>**Magistrate Judge Holmes** |

### O R D E R

Pending before the Court is Plaintiff Ray Justice's motion for clarification (Docket No. 56), which is **DENIED AS MOOT**.[1] In his motion, Plaintiff asks the Court for "clarification regarding pending discovery motions in this matter," including (1) a motion to stay discovery pending resolution of their motions to dismiss based on qualified immunity filed by Defendants City of Millersville, Tennessee, and Taylor and Morris in their official capacity (Docket No. 45), and (2) a motion to quash and/or for protective order filed by Defendants City of Millersville, Shawn Taylor, and Bryan Morris (Docket No. 54). (Docket No. 56 at 1.)

The Court recently entered an order resolving these two motions, as well as several other discovery-related motions. The Court sees no need to issue further clarification and will not have an in-person meeting to discuss any of these issues. Further, the Court finds the instant motion to be a largely unnecessary addition to an already congested docket. The two motions about which Plaintiff seeks clarification (Docket Nos. 45, 56) were either barely ripe for an order or briefing had not yet been completed.

---

[1] The Court recognizes that the time under Local Rule 7.01(a)(3) for Defendants to respond to Plaintiff's motion has not yet expired. Nevertheless, the Court elects to exercise its authority under Local Rule 7.01(b) to rule on the motion prior to the time allowed for response.

Finally, as a reminder to all counsel, this case is not the only one pending before the undersigned. Every hour spent on matters that do little to advance this case is an hour taken away from resolution of substantive disputes between litigants who adhere to the directives of Fed. R. Civ. P. 1. To paraphrase Judge Trauger,

> [t]he common admonition that parties should respect a court's time and resources is not, ultimately, about the court itself; it is about the court's obligation to *all* litigants—not merely ones with a penchant for hard-nosed tactics and a seemingly [endless unwillingness to cooperate about any detail]—to administer justice fairly, promptly, and adequately. The court strongly urges the parties to consider those other litigants as this case proceeds.

*Ciccio v. Smiledirectclub, LLC*, No. 3:19-CV-00845, 2021 WL 3291787, at *3 (M.D. Tenn. Aug. 2, 2021) (Trauger, J.) (emphasis in original).

It is SO ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge